```
UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OHR SOMAYACH/JOSEPH TANENBAUM
EDUCATIONAL CENTER,

                Plaintiff-Counterclaim Defendant,        No. 19 cv. 11730 (NSR)

     - against -

FARLEIGH INTERNATIONAL LIMITED,

                Defendant-Counterclaim Plaintiff.
------------------------------------------------------------X
```

# DEFENDANT FARLEIGH INTERNATIONAL LIMITED'S ANSWER AND COUNTERCLAIMS

Defendant Farleigh International Limited ("Farleigh"), by and through its undersigned counsel, hereby answers the allegations of the Complaint of Ohr Somayach/Joseph Tanenbaum Educational Center ("Ohr Somayach") as follows:

1. *Ohr Somayach/Joseph Tanenbaum Educational Center ("Ohr Somayach"), a religious not-for-profit corporation founded in 1977, operates educational, enrichment, and related programs, including those held at its Beit Shvidler Conference Center (the "Conference Center"). Shvidler is the surname of Evgeny (Eugene) Shvidler—and Beit Shvidler translates roughly to Shvidler Family Conference Center. Mr. Shvidler had caused donations to be given to Ohr Somayach to build the Conference Center. Construction occurred from approximately 2005 to 2008.*

**ANSWER:** Farleigh admits the allegations in the first sentence on information and belief. Farleigh admits the allegations in the second sentence. Farleigh denies the allegations in the third sentence but states that it made restricted gifts to Ohr Somayach to build the Conference Center. Farleigh admits the allegations in the fourth sentence.

2. *More than 10 years later, beginning on or about November 12, 2019, Farleigh International Limited ("Farleigh"), an entity associated with Mr. Shvidler, has demanded, among other things, return of, in its words, "at least USD 6,650,000" that Farleigh had allegedly donated to construct the Conference Center so many years ago, together with related relief. Farleigh allegedly disagrees as to how the Conference Center has been used.*

**ANSWER:** Paragraph 2 characterizes or describes letters that counsel to Farleigh sent to Ohr Somayach on November 12, 2019 and to counsel for Ohr Somayach on December 4, 2019. Those documents speak for themselves and thus no response is required. If and to the extent a response is deemed required, Farleigh refers the Court to those documents. Farleigh admits, however, that by way of the Counterclaims asserted below, it is seeking, *inter alia*, that Ohr Somayach return those amounts.

> 3. *There has recently been an arbitral award resolving certain issues among the senior administration of Ohr Somayach. It is believed that the person aggrieved by that award, who is no longer affiliated with Ohr Somayach, has caused Farleigh to lodge its demand for return of donations used to build the Conference Center.*

**ANSWER:** As to the first sentence, Farleigh admits that it has recently learned that an arbitration was held between certain individuals associated with Ohr Somayach. Farleigh denies the allegations in the second sentence.

> 4. *Not only is Farleigh's attempt to dictate the operations of Ohr Somayach improper, there are no restrictions on Ohr Somayach's use of the Conference Center and, even if there were, which there are not, the Conference Center has fulfilled -- and continues to fulfill -- its educational, enrichment, and other purposes. For these and related reasons, declaratory judgment should be entered in Ohr Somayach's favor that Farleigh has no rights as to the prior donations, the Conference Center, or Ohr Somayach*

**ANSWER:** Farleigh denies the allegations in Paragraph 4.

> 5. *Ohr Somayach is a not-for-profit corporation organized and existing under the laws of the State of New York, located at 244 Route 306, Monsey, New York 10952.*

**ANSWER:** Farleigh admits the allegations in Paragraph 5 on information and belief.

> 6. *Upon information and belief, Farleigh International Limited is a corporation organized and existing under the laws of the British Virgin Islands with a principal place of business at Coastal Building, Wickham's Cay II, P.O. Box 2221, Road Town, Tortola, British Virgin Islands.*

**ANSWER:** Farleigh admits the allegations in Paragraph 6 but clarifies that it is a limited company, not a corporation, with a registered office at the address indicated.

7. *This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because (i) the plaintiff is a citizen of the State of New York and the defendant is a citizen of a foreign state (British Virgin Islands); and (ii) the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs).*

**ANSWER:** Paragraph 7 states a legal conclusion to which no response is required.

8. *Venue in this District is proper pursuant to 28 U.S.C. § 1391 because (i) under § 1391(c)(2), a defendant corporation is deemed to reside in any judicial district that may exercise personal jurisdiction over it with respect to an action—here the Southern District of New York; and (ii) under § 1391(b)(1), Farleigh resides for venue purposes in this District.*

**ANSWER:** Paragraph 8 states a legal conclusion to which no response is required.

9. *An independent basis for venue in this District is 28 U.S.C. § 1391(b)(2) because a substantial part of the (i) events giving rise to the claims in this action occurred in this District; and (ii) property that is the subject of the action is situated in this District.*

**ANSWER:** Paragraph 9 states a legal conclusion to which no response is required.

10. *Ohr Somayach has received from Farleigh, or those associated with it, donations in the approximate amount of $6,450,300.00 over the time frame of August 1, 1989 through as recently as April 11, 2014.*

**ANSWER:** Farleigh admits that it has made substantial restricted gifts, totaling at least $6,650,000, to Ohr Somayach between 2005 and 2010.

11. *The majority of the above donations were received from August 1, 2005 through April 22, 2008, totaling approximately $6,090,000.*

**ANSWER:** Farleigh admits that it has made substantial restricted gifts, totaling at least $6,650,000, to Ohr Somayach between 2005 and 2010.

12. *The above, approximately $6,090,000 donations were intended by the donor to be used to construct the Conference Center.*

**ANSWER:** Farleigh admits that it has made substantial restricted gifts, totaling at least $6,650,000, to Ohr Somayach between 2005 and 2010. Farleigh admits that the funds associated with its restricted gifts were intended to be used to construct the Conference Center, but Plaintiff's allegations omit the fact that the funds were conditioned upon Plaintiff's agreement

that, *inter alia*, (a) the Conference Center be used in accordance with specific and designated non-profit religious educational purposes; (b) that Ohr Somayach would never mortgage or otherwise encumber the Conference Center; and (c) that the Conference Center would be named in honor of Mr. Shvidler's family.

13. *The donations were used to construct the Conference Center.*

**ANSWER:** Farleigh admits on information and belief that its restricted gifts were used by Ohr Somayach to construct the Conference Center.

14. *The Conference Center has at all times been used for Ohr Somayach's educational, enrichment, and other purposes.*

**ANSWER:** Farleigh denies the allegations in Paragraph 14.

15. *By letter dated November 12, 2019, Ohr Somayach received a written demand for return of all donations made by Farleigh, allegedly totaling "at least" $6,650,000 dollars.*

**ANSWER:** Paragraph 15 characterizes or describes a letter that counsel to Farleigh sent to Ohr Somayach on November 12, 2019. That document speaks for itself and thus no response is required. If and to the extent a response is deemed required, Farleigh refers the Court to that document.

16. *The reported basis for Farleigh's above demand is that the Conference Center, according to Farleigh, has not been used for certain outreach purposes.*

**ANSWER:** Paragraph 16 characterizes or describes a letter that counsel to Farleigh sent to Ohr Somayach on November 12, 2019. That document speaks for itself and thus no response is required. The accurate nature of Farleigh's demand is set forth in the below Counterclaims.

17. *Farleigh has further asserted that the Conference Center is vacant or rented out commercially, requires maintenance that has not been performed, and otherwise has not been properly managed in its view.*

**ANSWER:** Paragraph 17 characterizes or describes letters that counsel to Farleigh sent to Ohr Somayach on November 12, 2019 and to counsel for Ohr Somayach on December 4, 2019.

Those documents speak for themselves and thus no response is required. If and to the extent a response is deemed required, Farleigh refers the Court to those documents.

18. *Upon information and belief, Farleigh's position is based on misinformation received from a former member of Ohr Somayach's senior administration, who is no longer affiliated with Ohr Somayach following an arbitral ruling as to certain disputes.*

**ANSWER:** Farleigh denies the allegations in Paragraph 18.

19. *Farleigh has demanded the "immediate return" of the full amount of all its alleged donations, and related relief.*

**ANSWER:** Paragraph 19 characterizes or describes letters that counsel to Farleigh sent to Ohr Somayach on November 12, 2019 and to counsel for Ohr Somayach on December 4, 2019. Those documents speak for themselves and thus no response is required. If and to the extent a response is deemed required, Farleigh refers the Court to those documents. Farleigh admits, however, that by way of the Counterclaims asserted below, it is seeking, *inter alia*, that Ohr Somayach return its restricted gifts.

20. *Farleigh, among other things, has also demanded complete copies of Ohr Somayach's books and records relating to the Conference Center, all minutes of the proceedings of Ohr Somayach's trustees related to the Conference Center, and a list of all events held at the Conference Center since it was constructed more than ten years ago.*

**ANSWER:** Paragraph 20 characterizes or describes letters that counsel to Farleigh sent to Ohr Somayach on November 12, 2019 and to counsel for Ohr Somayach on December 4, 2019. Those documents speak for themselves and thus no response is required. If and to the extent a response is deemed required, Farleigh refers the Court to those documents.

21. *Farleigh has threatened legal action in the event its demands for immediate return of all the donations, and related demands, are not complied with.*

**ANSWER:** Paragraph 21 characterizes or describes letters that counsel to Farleigh sent to Ohr Somayach on November 12, 2019 and to counsel for Ohr Somayach on December 4, 2019. Those documents speak for themselves and thus no response is required. If and to the extent a

5

response is deemed required, Farleigh refers the Court to those documents.

22. The donations that are the subject of this declaratory judgment action were used for the designated purpose of constructing the Conference Center.

**ANSWER:** Farleigh denies the allegations in Paragraph 22.

23. The donations are irrevocable and do not limit the manner in which Ohr Somayach's senior administration may operate its religious corporation, including that the donations do not, and cannot, vest the donor with the right to determine the Conference Center's usage.

**ANSWER:** Farleigh denies the allegations in Paragraph 23.

24. The Conference Center has been used at all times to advance the educational, enrichment, and other goals of Ohr Somayach.

**ANSWER:** Farleigh denies the allegations in Paragraph 24.

25. Farleigh has no rights as to the Conference Center, the more than a decade old donations to built it, or as to Ohr Somayach in any way.

**ANSWER:** Farleigh denies the allegations in Paragraph 25.

## CLAIM FOR DECLARATORY JUDGMENT
### (Incorporating All Previous Allegations)

26. Because the donations were irrevocable and did not impose restrictions on Ohr Somayach's use of the Conference Center, judgment should be entered declaring that Farleigh's demand for return of the donations, and related demands, are unlawful.

**ANSWER:** Farleigh denies the allegations in Paragraph 26.

27. Alternatively, even if the donations did place restrictions on the Conference Center's use, which they do not, the Conference Center has fulfilled -- and continues to fulfill -- its intended purposes, thereby providing an independent basis for declaring that Farleigh's demand for return of the donations, and related demands, are unlawful.

**ANSWER:** Farleigh denies the allegations in Paragraph 27.

28. For these and related, further reasons, declaratory judgment that Farleigh has no rights as to the Conference Center, the prior donations, or as to Ohr Somayach, is appropriate.

**ANSWER:** Farleigh denies the allegations in Paragraph 28.

The final Paragraph of the Complaint, which begins with the phrase "Wherefore, Plaintiff

demands . . . ," contains statements seeking relief, to which no response is required. If and to the extent a response is deemed to be required, Farleigh denies that Plaintiff is entitled to relief of any kind whatsoever, whether declaratory or otherwise, including but not limited to any of the relief described and/or requested in subparts (a) and (b) of the final Paragraph of the Complaint.

## **GENERAL DENIAL**

Farleigh denies each and every allegation in the Complaint except as otherwise set forth above.

## **AFFIRMATIVE DEFENSES**

(1)  The Complaint fails to state a claim.

(2)  Plaintiff breached the parties' agreement.

(3)  Plaintiff breached its fiduciary obligations to Farleigh.

(4)  The Complaint is barred, in whole or in part, based on the doctrine of unclean hands, equitable estoppel, waiver, and/or ratification.

## COUNTERCLAIMS

Defendant-Counterclaim Plaintiff Farleigh, by its undersigned attorneys, for its Counterclaims against Plaintiff-Counterclaim Defendant Ohr Somayach, hereby alleges as follows:

### NATURE OF THE ACTION

1. Counterclaim Plaintiff Farleigh made restricted charitable gifts of more than $6 million to Counterclaim Defendant Ohr Somayach, a Jewish educational center, for the sole purpose of constructing an educational facility and ensuring that facility would be used for specific Jewish educational purposes. Farleigh also required—and Ohr Somayach agreed—*inter alia*, that (1) Ohr Somayach would never mortgage or otherwise encumber the proposed educational center; and (2) the educational facility would be named in honor of Eugene Shvidler's family.

2. Ohr Somayach accepted the restricted gifts from Farleigh and built the facility, which became known as the Beit Shvidler Conference Center ("Beit Shvidler" or the "Conference Center"). Ohr Somayach then proceeded, upon information and belief, to violate the terms of the parties' agreement by (1) leaving the Conference Center vacant most of the time, renting it for commercial purposes, not engaging in sufficient efforts to ensure that the property would be used for the specified educational purposes, and using income from the property for unknown purposes; and (2) pledging the Conference Center in mortgages and other commercial transactions.

3. Farleigh now asserts claims to recover the restricted gifts.

### PARTIES

4. Farleigh is a limited company organized and existing under the laws of the British

Virgin Islands with a registered office in Tortola, British Virgin Islands.

5. Upon information and belief, Ohr Somayach is a not-for-profit corporation organized and existing under the Not-For-Profit Corporation Law and the Religious Corporations Law of the State of New York, and located at 244 Route 306, Monsey, New York 10952. According to its website, "Ohr Somayach was originally established in 1979 as a branch of the Jerusalem-based Ohr Somayach Institutions network. Ohr Somayach endeavors to offer its students a conducive environment through a carefully designed program of Talmudic, ethical and philosophical studies. The basic goal if this vigorous academic program is to develop intellectually sophisticated Talmudic scholars who can make a significant contribution to their communities both as teachers and experts in Jewish law."

## FACTUAL BACKGROUND

6. In or about the middle of 2005, Farleigh agreed to make a restricted gift to Ohr Somayach for the purpose of building a Jewish educational center that would be designated for specific educational purposes.

7. Farleigh and Ohr Somayach executed a deed of gift (the "Deed") dated July 20, 2005. The Deed provided that Farleigh would make a restricted gift of $250,000 to Ohr Somayach, and in turn imposed the following conditions on Ohr Somayach: (1) that the restricted gift be used for certain non-profit purposes; (2) that Farleigh be given upon request, with respect to the restricted gift, "an annually [*sic*] analysis of the manner in which" the restricted gift had been used; and (3) that, in the event the restricted gift was not used for its "designated purpose," Farleigh had the "right to suspend the transfer of [funds] until the relations between the Parties have been settled and/or request the return of any [funds] transferred earlier." Deed §§ 4.1–4.3.

8. At or around the time of the Deed, Ohr Somayach was managed by Rabbi Yisroel Rokowsky and Rabbi Abraham Braun.

9. At or around the time of the Deed, representatives of Ohr Somayach (Rabbis Rokowsky and Braun) and Mr. Shvidler (on behalf of Farleigh) agreed that Ohr Somayach would receive the amounts Farleigh contributed with, among others, the following additional conditions: (1) that the restricted gift be used to construct an educational facility to be used in accordance with specific and designated non-profit religious educational purposes; (2) that the resulting facility would never be mortgaged or otherwise encumbered; and (3) that the resulting facility would be named in honor of Mr. Shvidler's family.

10. The resulting facility was named the Beit Shvidler Conference Center, in honor of Mr. Shvidler's family.

11. Farleigh made substantial subsequent contributions to Ohr Somayach for the same purpose and, in total, provided at least $6,650,000 to Ohr Somayach (the "Restricted Gifts"). All the Restricted Gifts were made pursuant to the same terms and with the same understanding as the initial transfer made pursuant to the Deed.

12. Upon information and belief, Beit Shvidler has predominately not been used for the specific educational purposes contemplated by the parties' original agreement and understanding.

13. Rather than being used to provide the intended educational opportunities, most of the time Beit Shvidler is and has been for some years either left vacant or rented out commercially.

14. Upon information and belief, even any income generated from the use of Beit Shvidler for commercial purposes has not been used to support the specified and agreed-upon

religious educational programs contemplated by Farleigh and Ohr Somayach pursuant to the Restricted Gifts.

15. Farleigh has recently learned that Ohr Somayach took out a mortgage on and appears to have encumbered Beit Shvidler in 2006 and again in 2009, in violation of the agreement regarding the Restricted Gifts.

16. Upon information and belief, in 2019, Ohr Somayach appears to have taken out another mortgage and encumbered Beit Shvidler, again acting in violation of the agreement regarding the Restricted Gifts.

17. Farleigh has recently learned that a dispute between Rabbis Rokowsky and Braun led to their participation in a religious arbitration (a "Beit Din") in or about the second half of 2019. In that arbitration, Ohr Somayach appeared as a party.

18. That Beit Din led to an arbitration award (the "Award," a copy of which is attached as Exhibit B). According to the terms of the Award, Rabbi Rokowsky and/or his son, Yitzchok Rokowsky, appeared to be granted "ownership / authority / control" of Ohr Somayach, and Rabbi Braun relinquished any claim to such ownership or control of Ohr Somayach in exchange for payment of $817,000. Pursuant to the Award, Ohr Somayach also agreed that all of its assets (thus including Beit Shvidler) would be "encumbered" by the debt to Rabbi Braun in violation of the agreement regarding the Restricted Gifts.

19. On or about November 26, 2019, and without providing any notice to Farleigh, Ohr Somayach petitioned the New York Supreme Court, Rockland County to confirm the Award. *See Avrohom Mordechai Braun v. Yisroel Rokowsky et al.*, Index No. 036718/2019 (Sup. Ct. Rockland Cnty. 2019).

20. By letter from counsel dated November 12, 2019, Farleigh requested, consistent

11

with the terms of the Deed, (1) that Ohr Somayach return the Restricted Gifts made by Farleigh, (2) that Ohr Somayach confirm that Beit Shvidler had never been mortgaged or otherwise encumbered, and (3) that Ohr Somayach provide it with accounting books and records relating to Beit Shvidler, minutes of meetings of Ohr Somayach's Trustees relating to Beit Shvidler, and a list of all events held at Beit Shvidler after the completion of construction.

21. In response, Ohr Somayach filed this lawsuit against one of the most significant charitable supporters in its history. Ohr Somayach never informed Farleigh that, at the very same time Farleigh requested information about, *inter alia*, encumbrances of Beit Shvidler, it was seeking to have a court approve the Award and further encumber the facility in violation of the agreement regarding the Restricted Gifts.

## CLAIM ONE
### Breach of Contract

22. Farleigh reasserts and re-alleges the allegations in Paragraphs 1 through 21.

23. The parties had a valid and binding agreement regarding the Restricted Gifts.

24. Farleigh performed its obligations under the agreement regarding the Restricted Gifts.

25. Ohr Somayach breached its obligations under the agreement regarding the Restricted Gifts, *inter alia*, by using the Restricted Gifts for purposes other than those to which the Restricted Gifts were dedicated, and by encumbering Beit Shvidler.

26. Farleigh has suffered damages as a result.

## CLAIM TWO
### Breach of Fiduciary Duty

27. Farleigh reasserts and re-alleges the allegations in Paragraphs 1 through 26.

28. Due to the nature of the Restricted Gift, Farleigh and Ohr Somayach had a

fiduciary relationship, pursuant to which Ohr Somayach owed fiduciary duties to Farleigh.

29. Ohr Somayach breached its fiduciary duties, *inter alia*, by using the Restricted Gifts for purposes other than those to which the Restricted Gifts were dedicated, and by encumbering Beit Shvidler.

30. Farleigh has suffered damages as a result.

## CLAIM THREE
### Accounting/Books and Records

31. Farleigh reasserts and re-alleges the allegations in Paragraphs 1 through 30.

32. Due to the nature and terms of the Restricted Gift, Farleigh and Ohr Somayach had a fiduciary relationship, pursuant to which Ohr Somayach owed fiduciary duties to Farleigh, including but not limited to its agreement to provide financial information and other books and records to Farleigh.

33. Ohr Somayach breached these duties and obligations, *inter alia*, by using the Restricted Gifts for purposes other than those to which the Restricted Gifts were dedicated, and by encumbering Beit Shvidler.

34. Farleigh demanded an accounting and other books and records from Ohr Somayach, and Ohr Somayach refused.

35. Farleigh has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Counterclaim Plaintiff Farleigh respectfully requests that this Court enter judgment against Ohr Somayach and in favor of Farleigh as follows:

(A) An order entering judgment in favor of Farleigh and finding that Ohr Somayach breached the parties' agreement and breached its fiduciary duties;

(B) Compensatory damages in an amount to be determined at trial, but in no event less than $6,650,000;

(C) An order directing an accounting and the disclosure of other books and records with respect to Beit Shvidler;

(D) Punitive damages in an amount to be determined at trial; and

(E) Such other and further relief as the Court deems just and proper.

Dated: January 14, 2020
      New York, New York

      Respectfully submitted,

      MORVILLO ABRAMOWITZ GRAND
       IASON & ANELLO, P.C.

      By:   /s/ Benjamin S. Fischer
           Benjamin S. Fischer
           Devin M. Cain
           Kevin Grossinger

      *Attorneys for Farleigh International Limited*