# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
JODI MISHER PEIKIN
ROBERT M. RADICK
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

bfischer@maglaw.com
(212) 880-9585

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
DEVIN M. CAIN
JASMINE JUTEAU
CURTIS B. LEITNER
JACOB W. MERMELSTEIN
DANIEL F. WACHTELL

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

February 7, 2020

**By ECF**
Hon. Nelson S. Román
United States District Judge, Southern District of New York
United States Courthouse, 300 Quarropas Street
White Plains, NY 10601

Re:     ***Ohr Somayach v. Farleigh Int'l Ltd.*, No. 19-CV-11730 (S.D.N.Y.)**

Dear Judge Román:

This firm represents Defendant-Counterclaim Plaintiff Farleigh International Limited ("Farleigh"). We write pursuant to Your Honor's Individual Rules to respond to Plaintiff-Counterclaim Defendant Ohr Somayach's pre-motion conference letter. *See* Dkt. No. 12. On December 23, 2019, Ohr Somayach, a Monsey-based Jewish educational center, filed this declaratory judgment action against Farleigh, its single biggest charitable supporter, seeking a determination that it had not violated the terms of a more than $6 million restricted gift made by Farleigh. On January 14, 2020, Farleigh asserted counterclaims for breach of contract, breach of fiduciary duty, and an accounting. *See* Dkt. No. 8. Farleigh seeks the return of the amount of the restricted gift and additional damages, as well as financial information and documents that Ohr Somayach agreed to provide.

The restricted gift was made for the purpose of constructing an educational center (the "Beit Shvidler Center") to be used for specific and agreed-upon Jewish educational purposes. The parties further agreed that Ohr Somayach would not encumber the Center. Rather than using the Beit Shvidler Center for the specified Jewish educational purposes, Ohr Somayach has largely left the Beit Shvidler Center vacant or rented it for commercial events, in violation of the parties' agreement. Moreover, Ohr Somayach has improperly encumbered the Beit Shvidler Center as recently as August 21, 2019.

As discussed briefly below, Ohr Somayach's arguments for dismissal are not only unavailing as a matter of law, they also are primarily the subject of disputed factual issues.

***The gift was revocable and restricted.*** Where a party makes a charitable gift subject to specific restrictions, including the right of reversion, the donating party can recover the gift if the restrictions are breached. *See Smithers v. St. Luke's-Roosevelt Hosp. Ctr.*, 281 A.D.2d 127, 136–37 (1st Dep't 2001). Ohr Somayach incorrectly contends that the gift provided by Farleigh was irrevocable and unrestricted. But the provisions of the Deed of Gift obligate Ohr Somayach to use the gift "in accordance with [Ohr Somayach's] non-profit purposes," and also specifically provide for return of the gift if "used not for [its] designated purpose." The "non-profit purposes" and "designated purpose" referenced in the Deed were further specified and agreed upon by the parties in their oral agreement which, *inter alia*, specified that the Beit Shvidler Center would: (1) be used for specific Jewish educational purposes; (2) be named after Eugene Shvidler's family; and (3) not be mortgaged or otherwise encumbered. The Deed itself contains no merger clause and thus the parties were permitted to incorporate their prior oral conditions into the Deed. *See Powlus v. Chelsey Direct, LLC*, 2011 WL 135822, at *7 (S.D.N.Y. Jan. 10, 2011); *Stern v. Ardachev*, 133 A.D.3d 502, 502 (1st Dep't 2015).[1]

***The statute of frauds does not apply.*** Ohr Somayach contends that New York's statute of frauds, Gen. Obl. L. § 5-703, requires that any restriction related to the property be in writing. As an initial matter, the use restriction is set forth in the Deed (the specifics of the use restriction are supplemented by the parties' oral agreement). In any event, the statute of frauds applies only to "agreement[s] for an *interest* in real property." *See In re Ne. Indus. Dev. Corp.*, 2015 WL 3776390, at *5 (S.D.N.Y. June 16, 2015) (Román, J.) (emphasis added). The restricted gift, however, did not involve the transfer of an *interest*. It simply imposed certain conditions on the *gift itself*. Finally, even if the statute of frauds were applicable, exceptions to it would apply, and, at a minimum, create factual issues not appropriate for determination on a motion to dismiss.

***The counterclaims properly allege a breach of contract.*** Ohr Somayach contends that its use of the Beit Shvidler Center complied with any restrictions. But Farleigh intends to rely on documents and evidence (including expert evidence) to establish that Ohr Somayach violated the restrictions. Accordingly, whether Ohr Somayach breached the restrictions is a factual question.

***The counterclaims are timely.*** Ohr Somayach contends that any mortgages in violation of the encumbrance restriction fall outside the statute of limitations because they were made in 2006 and 2009. Farleigh alleges, consistent with its understanding, however, that mortgages were taken as recently as 2019. *See* Counterclaims ¶¶ 2, 15–19.[2] Further, Ohr Somayach breached the use restriction well within the limitations period and any statute of limitations runs from the date of breach.

---

[1] Whether the parties had such an oral agreement is a factual issue that will be borne out in discovery. Even at this stage, however, there is strong evidence that the oral agreement existed because, *inter alia*, (1) after the initial gift of $250,000, Farleigh gifted more than $6 million for the construction of the Beit Shvidler Center; and (2) Ohr Somayach named the resulting Center the "Beit Shvidler Conference Center," in honor of Mr. Shvidler's family. Neither of these provisions were specifically set forth in the Deed.

[2] Indeed, on January 15, 2020, Farleigh filed an Order to Show Cause in Supreme Court, Rockland County seeking to stay the confirmation of a 2019 arbitration award involving Ohr Somayach because a provision of the award contemplated an encumbrance of the property. The court granted Farleigh's Order to Show Cause.

***Farleigh is entitled to an accounting.*** Ohr Somayach seeks dismissal of the accounting counterclaim on the ground that Ohr Somayach has no fiduciary relationship with Farleigh. Yet, Farleigh's entitlement to an accounting is clear from the face of the Deed. Further, whether a fiduciary duty exists is a fact-intensive inquiry that is not appropriate for determination on a motion to dismiss. *See Roni LLC v. Arfa*, 18 N.Y.3d 846, 848–49 (N.Y. 2011).

***Farleigh has standing to pursue its counterclaims.*** Ohr Somayach contends that, pursuant to EPTL § 8-1.1(f), only the Attorney General has standing to pursue the counterclaims here. Yet, that section, which states that "[t]he attorney general shall represent the *beneficiaries* of . . . [religious institutions'] dispositions," is inapplicable, as Farleigh is not asserting claims as a "beneficiary" of Ohr Somayach but to enforce its legal rights relating to the gift. *See Smithers*, 281 A.D.2d at 139 ("The donor of a charitable gift is in a better position than the Attorney General to be vigilant and, if he or she is so inclined, to enforce his or her own intent.").

***That the donations have been exhausted is irrelevant.*** Ohr Somayach argues that, because the donated funds were used to construct the Beit Shvidler Center, the "funds no longer exist" and cannot be recovered. Yet, there is absolutely no requirement that the original funds transferred must be retained to be recovered.

***Finally***, contrary to Ohr Somayach's assertions, this is not an action by Farleigh seeking to control Ohr Somayach's operations.[3] As Farleigh's counterclaims make clear, this is an action to enforce a clear breach of the terms of a restricted gift and thus not a non-justiciable religious dispute. *See Congregation Yetev Lev D'Satmar, Inc. v. Kahana*, 9 N.Y.3d 282, 286 (2007).[4]

We look forward to addressing these issues with the Court at a pre-motion conference.

Respectfully submitted,

Benjamin S. Fischer

cc:     Jonathan Proman, Esq. (by ECF)

---

[3] Ohr Somayach's speculation that Farleigh has been "influenced" by a former member of Ohr Somayach's senior administration is both inaccurate and irrelevant.

[4] Notably absent from Ohr Somayach's pre-motion letter is any disclosure of its remarkable efforts to pursue these claims in another forum after it filed this action. After Farleigh filed its Answer and Counterclaims, Ohr Somayach caused a summons to be issued by a Beit Din (a Jewish arbitral body) in New Jersey seeking the appearance of Farleigh to resolve this dispute. Ohr Somayach caused the same Beit Din to issue a second summons to Farleigh on or about January 31, 2020. The parties have no agreement to arbitrate this (or any) dispute before a Beit Din or any arbitral forum. Ohr Somayach's attempt to litigate the same issue in two forums is completely inappropriate, creating significant unnecessary costs and expenses, and wasting the resources of the parties and the Court. We hope to discuss this issue, and whether it is appropriate for Ohr Somayach to proceed in this fashion, at the pre-motion conference.