# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
JODI MISHER PEIKIN
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com
―――
WRITER'S CONTACT INFORMATION

bfischer@maglaw.com
(212) 880-9585

SENIOR COUNSEL
PAUL R. GRAND
―――
COUNSEL
DEVIN M. CAIN
JASMINE JUTEAU
CURTIS B. LEITNER
JACOB W. MERMELSTEIN
DANIEL F. WACHTELL
―――
ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

February 27, 2020

**By ECF**

Hon. Nelson S. Román
United States District Judge, Southern District of New York
United States Courthouse, 300 Quarropas Street
White Plains, NY 10601

  Re: *Ohr Somayach v. Farleigh International Limited*, No. 19-CV-11730 (S.D.N.Y.)

Dear Judge Román:

  This firm represents Defendant-Counterclaim Plaintiff Farleigh International Limited ("Farleigh") in the above-referenced action. Further to the recent letters to the Court concerning Plaintiff-Counterclaim Defendant Ohr Somayach's request for a pre-motion conference, *see* Dkt. Nos. 12 and 13, we write to advise the Court about disagreements between the parties concerning how discovery should proceed. We believe these issues are suitable for discussion at the pre-motion conference (which has not yet been scheduled).

  This case involves claims relating to Ohr Somayach's failure to use almost $7 million in restricted gifts from Farleigh for the designated purpose of constructing and maintaining a building devoted to specific Jewish educational purposes. Farleigh contends that Ohr Somayach's obligations with respect to the restricted gifts were predicated on a written Deed of Gift and the parties' oral agreement.

  On February 13, 2020, the parties conferred as required by Federal Rule of Civil Procedure 26(f) to discuss, among other things, a schedule for discovery. Both parties were, in principle, amenable to beginning discovery presently. However, Ohr Somayach believes that, prior to the resolution of their motion to dismiss, discovery should be limited solely to documents and information concerning the very limited question of whether any additional

written agreements exist between the parties (beyond the Deed of Gift).[1] Although Farleigh is prepared to produce any additional agreements between the parties in its possession (and, of course, assumes Ohr Somayach would be prepared to do the same), Farleigh also believes that all discovery can proceed more broadly now, and should, at a minimum, also proceed relating to the following three discrete categories of information:

1. Financial information regarding the building that was constructed with the restricted gifts (which was named the Beit Shvidler Conference Center), which is required to be produced under the Deed of Gift, *see* Counterclaims (Dkt. No. 8) ¶ 7;

2. Any mortgages or encumbrances (past or present) on the Beit Shvidler Conference Center, which the parties agreed would never be encumbered, *see id.* ¶ 9; and

3. Ohr Somayach's use of the Beit Shvidler Conference Center, which the parties agreed would be limited to specific Jewish educational purposes, *see id.* ¶¶ 7, 9.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court has considerable discretion concerning whether to allow discovery to proceed notwithstanding a pending motion to dismiss, and should consider the following: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Showtime on Piers LLC*, No. 19-CV-7755, 2019 WL 6912282, at *1 (S.D.N.Y. Dec. 19, 2019).

Each of those factors weighs in favor of allowing the requested discovery to proceed. *First*, Ohr Somayach has failed to make a strong showing that dismissal is warranted. As set out in our pre-motion conference letter, *see* Dkt. No. 13, Ohr Somayach's anticipated motion to dismiss is legally baseless and, at a minimum, the existence of disputed factual issues renders a motion to dismiss inappropriate. *Second*, the breadth and burden of Farleigh's requests are insubstantial, a fact Ohr Somayach's counsel acknowledged during our Rule 26(f) conference. Indeed, as a New York religious non-profit corporation, Ohr Somayach should have ready access to the desired financial information, including any access to past or present mortgages on the property and documents reflecting the use of the Beit Shvidler Conference Center. *Third*, there is a substantial risk of unfair prejudice by not allowing discovery to proceed now. For example, we have learned that Ohr Somayach has recently sought to encumber the property. Moreover, it

---

[1] As we informed the Court in our February 7, 2019 pre-motion conference letter, Dkt. No. 13, notwithstanding the fact that Ohr Somayach filed this action, it subsequently engaged in repeated efforts to have this dispute heard before a Beit Din, a Jewish arbitral forum. To that end, Ohr Somayach had caused a New Jersey-based Beit Din to issue two Summons to Farleigh seeking to litigate the very claim at issue in this case at the Beit Din. Subsequent to the filing of our pre-motion conference letter on February 7, Ohr Somayach caused the same Beit Din to issue a *third* Summons in yet another attempt to have this dispute litigated there. These continued efforts to improperly litigate the same case in two forums are inappropriate. There is no agreement to arbitrate these claims, and Ohr Somayach's actions are creating unnecessary costs and expenses, which Farleigh intends to attempt to recover from Ohr Somayach.

is also our understanding that Ohr Somayach has been using the property for non-agreed upon purposes. Farleigh needs to better understand this conduct as soon as possible to determine, *inter alia*, whether any additional relief is necessary. *See* Counterclaims ¶¶ 15–18.

Relatedly, during the Rule 26(f) conference, the parties discussed Farleigh's request to undertake an expedited deposition of Rabbi Yisroel Rokowsky, a rabbi and manager of Ohr Somayach during the relevant time period. Rabbi Rokowsky is a central witness with first-hand knowledge of the understanding of the parties concerning the restricted gifts. *See, e.g.*, Counterclaims ¶ 9. Farleigh made its expedited deposition request based on its understanding that Rabbi Rokowsky is of advanced age and, upon information and belief, may very well be suffering from serious medical issues, both of which are bases upon which courts have granted expedited depositions. *See In re Chiquita Brands Int'l, Inc.*, No. 08-CV-1916, 2015 WL 12601043, at *7 (S.D. Fla. Apr. 7, 2015) (advanced age); *In re N.C. Swine Farm Nuisance Litig.*, No. 15-CV-13, 2016 WL 3742135, at *5 (E.D.N.C. July 7, 2016) (health). During our Rule 26(f) conference, Ohr Somayach's counsel did not discuss Rabbi Rokowsky's medical condition in detail but informed us that he would oppose an expedited deposition. Farleigh believes it is entitled to depose Rabbi Rokowsky on an expedited basis and seeks to be heard on the matter during the pre-motion conference.

We thank the Court for its attention to this matter and look forward to discussing both Ohr Somayach's anticipated motion and these discovery-related items at the pre-motion conference.

          Respectfully submitted,

          /s/ Benjamin S. Fischer

          Benjamin S. Fischer

cc:    Jonathan Proman, Esq. (by ECF)