JONATHAN M. PROMAN, ESQ.
30 WALL STREET, EIGHTH FLOOR
NEW YORK, NEW YORK 10005
(917) 524-7566
JPROMAN@PROMANLAW.COM

March 2, 2020

**Via ECF**

Hon. Nelson S. Román
United States Courthouse
300 Quarropas Street
White Plains, NY  10601

Re:  ***Ohr Somayach/Joseph Tanenbaum Educational Center v. Farleigh International Limited*
     Civil Action No. 19-11730**

Dear Judge Román:

On behalf of the plaintiff in this declaratory judgment action, Ohr Somayach/Joseph Tanenbaum Educational Center, please accept this response to the defendant, Farleigh International Limited's letter to Your Honor, dated February 27, 2020 [docket no. 14].

Background, although not determining the merits, might help place this action in an appropriate light.  Farleigh, a British Virgin Islands limited company, is controlled by Russian-American oil billionaire Evgeny (Eugene) Shvidler.  He is best known to the world for anchoring his yacht in front of the Statue of Liberty, obstructing the landmark for about a month to obtain his private view.[1]  His associates include Roman Abramovich, the Russian billionaire owner of the London soccer club Chelsea F.C., who gifted the yacht to Mr. Shvidler, and who is a close friend of Vladimir Putin.[2]  Allegations that had left Ohr Somayach with no alternative but to commence this declaratory judgment action add to the notoriety resume; namely, gifting approximately $6,090,000 to Ohr Somayach, but more than 10 years later trying to retake those gifts.  Alleged restrictions upon the gifts are <u>admitted</u> to be parol, except for a deed of gift, expressly limited to $250,000, dated July 20, 2005, stating the opposite of alleged parol restrictions because that deed of gift states $250,000 was gifted "absolutely" to Ohr Somayach.

Farleigh seeks to pore over Ohr Somayach's books and records, in addition to retaking the gifts.  It places the cart before the horse because the expansive "discovery" it seeks is based on the unproven allegation that it has the right to Ohr Somayach's books and records in the first instance.

---

[1] *See, e.g.*, https://nypost.com/2017/06/19/statue-of-liberty-finally-free-of-oil-tycoons-mega-yacht; and https://www.usatoday.com/story/news/nation-now/2017/08/25/billionaires-park-their-yachts-front-statue-liberty-and-people-arent-happy/603007001.

[2] *See, e.g.*, https://www.independent.co.uk/news/uk/politics/roman-abramovich-chelsea-wealth-russia-uk-putin-salisbury-spy-poisoning-a8362421.html; and https://www.bloomberg.com/news/features/2018-09-25/has-anyone-seen-roman-abramovich-the-last-days-of-londongrad.

Phased discovery is appropriate to initially confirm that there is no written agreement as to the gifts whatsoever, much less restrictions upon them, except for the $250,000 deed of gift—which lacks mortgage or other restrictions upon which Farleigh's position is based. *Johnson v. N. Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. Jan. 30, 2002) ("This Court may … control the timing and sequence of discovery pursuant to Federal Rule of Civil Procedure Rule 26(d)."). Without alleged restrictions (much less ones permitting Farleigh to audit Ohr Somayach), Farleigh's allegations fail as a matter of law.

According to Farleigh, "Financial information regarding the building that was constructed with the restricted gifts … is required to be produced under the Deed of Gift." But the deed of gift does not state that. Rather, it states (at § 4.2) that, "The Recipient [Ohr Somayach] shall provide to the Donor [Farleigh], basing on its request, an annually[3] analysis of the manner in which the Donation or any part thereof have been applied."

The Donation is defined by § 1.3 as "the aggregate total amount of US$250,000 (Two Hundred Fifty Thousand 00/00 US Dollars)." That gift, pursuant to § 2.2, was completed during 2005. The Donation no longer exists because it was consumed about 15 years ago. It was consumed to build the Beit Shvidler Conference Center. Money was the Donation—to be spent in any way for Ohr Somayach's not-for-profit purposes. An annual analysis of the $250,000 will always state the same answer: the Donation was used to build the conference center and no longer exists. The deed of gift did not convey a $250,000 conference center, or the right to audit Ohr Somayach or a conference center.

Farleigh's assertion that, "the breadth and burden of Farleigh's requests are insubstantial, a fact Ohr Somayach's counsel acknowledged during our Rule 26(f) conference", is unhelpful. The very reason Farleigh is complaining to Your Honor is that Ohr Somayach does view the requested discovery as highly problematic. Farleigh misses the mark because a right to audit a not-for-profit's books and records is not determined by the alleged ease or difficulty of accessing information, but by whether a third party holds any such right in the first instance. Were Farleigh's assertions law, any person may fabricate parol restrictions in order to immediately access an entity's books and records.[4]

Moreover, Farleigh seeks to audit Ohr Somayach's activities since the July 20, 2005 deed of gift -- an approximately 15-year time period -- and that is extraordinarily expansive discovery. *Johnson v. N. Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. Jan. 30, 2002) (staying discovery pending resolution of motion to dismiss where non-moving party sought "information covering a span of more than five years").

The statute of frauds, parol evidence rule, statute of limitations, and other grounds preclude Farleigh's defenses and counterclaims as a matter of law. Under these circumstances, Farleigh is not entitled to the discovery it seeks. *Siemens Credit Corp. v. American Transit Ins. Co.*, 2000

---

[3] The deed of gift contains grammatical errors.

[4] The "case" Farleigh quotes for a contrary assertion, *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Showtime on Piers LLC*, 2019 WL 6912282 (S.D.N.Y. Dec. 19, 2019), is not a case at all—it is a lawyer's letter to Judge Caproni. Farleigh quotes a lawyer's argument as case law. The only words from Judge Caproni (which Farleigh does not cite) comprise a letter-endorsement order granting in part the letter's discovery stay request.

U.S. Dist. LEXIS 6014, at *2 (S.D.N.Y. Apr. 29, 2000) (discovery is not warranted "where resolution of a preliminary motion may dispose of the entire action").

Farleigh asserts that it "needs to better understand [Ohr Somayach's] conduct as soon as possible to determine, *inter alia*, whether any additional relief is necessary." But that effectively admits that Farleigh wishes to engage in a fishing expedition. Parol is its alleged basis for the fishing license. Because there is literally not a single word or reference to encumbrances or mortgages, or other restrictions, in the deed of gift for $250,000, and no alleged writing whatsoever as to any other gift made almost 15 years ago, Farleigh's assertions may be disposed of as a matter of law.

To immediately depose Yisroel Rokowsky, Farleigh asserts that he is seriously ill and elderly—and that life's end should include a deposition. Ohr Somayach had set forth to Farleigh, in writing, that such is not grounds for a deposition. *Trebby v. Goodyear Tire & Rubber Co.*, 129 F.R.D. 468, 469 (S.D.N.Y. 1990) (quashing notice of deposition of witness "hospitalized with a serious heart condition" and permitting deposition only in the event the witness's "attending physician has indicated that the taking of his testimony will not be detrimental to his health"). Despite Ohr Somayach having cited *Trebby* to Farleigh, it was omitted from the letter to Your Honor.

The North Carolina case Farleigh cites[5] is inapposite because, there, the deponent, the plaintiff's expert witness, consented to his deposition, and it was the plaintiff's attorneys, and not an adversary, who noticed the deposition to which the witness had consented. That is the opposite of a yacht parking oligarch seeking to depose Mr. Rokowsky without concern for his health.[6]

A rabbinical summons is not an effort to litigate in two forums. Ohr Somayach's trustees are orthodox Jews, and Mr. Shvidler is Jewish. An orthodox complainant under Jewish law is obligated in a dispute with another Jew to afford three opportunities for a rabbinical resolution. Observing Jewish law is what Farleigh severely chastises Ohr Somayach for. Farleigh's prior counsel was advised, in writing, that, upon agreeing to a rabbinical tribunal, "the action in U.S. federal court would be dismissed immediately."

Ohr Somayach thanks the Court for its time and consideration.

Respectfully submitted,

*/s/ Jonathan M. Proman*

Jonathan M. Proman

cc (via ECF): All counsel of record

---

[5] *In re NC Swine Farm Nuisance Litig.*, 2016 WL 3742135 (E.D.N.C. July 7, 2016).

[6] Farleigh's other case, *In re Chiquita Brands Int'l, Inc.*, 2015 WL 12601043 (S.D. Fla. Apr. 7, 2015), involved a 79-year old witness who was not stated to be ill, in connection with an already 7-year old litigation involving whether torture, murder, and war crimes had been committed on Columbian banana plantations with the deponent's knowledge.