JONATHAN M. PROMAN, ESQ.
30 WALL STREET, EIGHTH FLOOR
NEW YORK, NEW YORK 10005
(917) 524-7566
JPROMAN@PROMANLAW.COM

April 20, 2020

**Via ECF**

Hon. Philip M. Halpern
United States Courthouse
500 Pearl Street
New York, NY  10007

Re: ***Ohr Somayach/Joseph Tanenbaum Educational Center v. Farleigh International Limited***
**Civil Action No. 19-11730 (PMH)**
**Diversity Jurisdiction – Individual Practices § 2(B)**

Dear Judge Halpern:

On behalf of the plaintiff, Ohr Somayach/Joseph Tanenbaum Educational Center, in this diversity action seeking declaratory judgment, pursuant to Your Honor's Individual Practices § 2(B), please accept the following explanation as to why the plaintiff believes diversity of citizenships exists.

Ohr Somayach is a not-for-profit corporation incorporated pursuant to the laws of the State of New York, and having its principal place of business in Monsey, New York.  Complaint [Doc. 1] ¶ 5. The defendant / counterclaim plaintiff, Farleigh International Limited -- as admitted in its answer and counterclaims -- is a limited company organized and existing pursuant to the laws of the British Virgin Islands, with a registered office at Tortola, British Virgin Islands.  Answer [Doc. 8] ¶ 6. The complaint avers that the registered office is also Farleigh's principal place of business, which the answer does not appear to dispute.  *Id.*

The amount in controversy exceeds $75,000 (exclusively of interest and costs) because the complaint seeks declaratory judgment as to more than $6 million gifts transferred by Farleigh to the plaintiff. *W. P. Carey, Inc. v. Bigler*, 2019 WL 1382898, at *10 (S.D.N.Y. Mar. 27, 2019) ("In actions seeking declaratory relief, it is well established that the amount in controversy is measured by the value of the object of the litigation, calculated from the plaintiff's standpoint.") (citation and internal quotations omitted); Complaint [Doc. 1] ¶¶ 2, 4 (gifts exceeding $6 million are the subject of the action).  The counterclaims also seek (among other things) damages exceeding $6 million because of alleged breach of contract and other claims.  Answer [Doc. 8] p. 13 at Wherefore ¶ (B).

Diversity jurisdiction thus exists pursuant to 28 U.S.C. § 1332(a)(2) because (i) the plaintiff is a citizen of the State of New York and the defendant is a citizen of a foreign state (British Virgin Islands); and (ii) the matter in controversy exceeds the sum or value of $75,000.

Should Your Honor have questions or require additional information, please do not hesitate to contact me. Ohr Somayach thanks the Court for its time and consideration.

Respectfully submitted,

*/s/ Jonathan M. Proman*

Jonathan M. Proman

cc (via ECF): All counsel of record