AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Ohr Somayach/Joseph Tanenbaum Educational Ctr | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 19-cv-11730 (PMH) |
| Farleigh International Limited | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Rabbi Avrohom Braun

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Morvillo Abramowitz Grand Iason & Anello P.C., 565 Fifth Avenue, New York, NY 10017 -- or in such manner as is otherwise agreeable | Date and Time: 07/16/2020 9:30 am |
|---|---|

The deposition will be recorded by this method: Stenographic & audiovisual

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Rider.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/15/2020

*CLERK OF COURT*

OR

/s/ Benjamin S. Fischer

*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant
Farleigh International Limited , who issues or requests this subpoena, are:

Benjamin Fischer, Morvillo Abramowitz Grand Iason & Anello P.C., 565 Fifth Avenue, New York NY 10017; bfischer@maglaw.com; (212) 880-9585

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 19-cv-11730 (PMH)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# RIDER TO SUBPOENA TO RABBI AVROHOM BRAUN

## DEFINITIONS

1. The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Civil Rules are hereby incorporated in, and apply to, these Requests.

2. "Action" shall mean the action now pending in the United States District Court for the Southern District of New York captioned *Ohr Somayach/Joseph Tanenbaum Educational Center v. Farleigh International Limited*, No. 19-CV-11730 (PMH).

3. "Beit Shvidler" shall mean the Beit Shvidler Conference Center located on the property of Ohr Somayach in or about Monsey, New York.

4. "Ohr Somayach" shall mean the Ohr Somayach/Joseph Tanenbaum Educational Center located at or about 244 Route 306, Monsey, New York, 10952, and shall include any of its current or former officers, attorneys, accountants, trustees, board members, employees, agents, or representatives.

5. "Counterclaims" shall mean the Counterclaims contained within Farleigh's Answer and Counterclaims filed in the Action on January 14, 2020 (Dkt. No. 8).

6. "Farleigh" shall mean Farleigh International Limited, and any of its current or former officers, attorneys, accountants, employees, agents, or representatives.

7. To bring within the scope of these Requests all information that might otherwise be construed to be outside of their scope, the following rules of construction apply: (i) the masculine, feminine, or neuter pronoun shall not exclude other genders; (ii) "including" shall be construed to mean including without limitation; and (iii) the present tense shall be construed to include the past tense and vice versa.

1

## **INSTRUCTIONS**

1. These Instructions incorporate by reference the instructions set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure, in addition to the specific Instructions set forth below.

2. Unless otherwise specified, the time period covered by these requests is 2005 to the present.

3. In complying with these Requests, you are required to produce all documents described below that are in your possession, custody, or control, regardless of location.

4. All documents responsive to the Requests shall be produced as they are kept in the ordinary course of business, including in their native electronic format, and organized and labeled to correspond to each separately numbered Request. Documents responsive to the Requests shall be produced in such a way as to identify the applicable file folder and/or source from which each responsive document came or was obtained.

5. For the purpose of reading, interpreting, or construing the scope of these Requests, the terms used shall be given their most expansive and inclusive interpretation.

6. Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

7. If you have no documents responsive to a Request, you are required to so state.

8. If, in responding to these Requests, you claim any ambiguity in interpreting a Request or a Definition or Instruction applicable thereto, you shall not rely on such claim as a basis for refusing to respond, but you shall set forth as part of your response to such Request the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Request.

9. In the event that you claim that a Request is overly broad or unduly burdensome, you shall respond to that portion of the Request that is unobjectionable and specifically identify the respect in which you believe the Request is overly broad or unduly burdensome. If your objection relates only to part of the Request, produce all documents that do not fall within the scope of your objection.

10. You shall produce each requested document in its entirety, without abbreviation or redaction for any reason other than a claim of privilege, including all attachments, appendices, enclosures, exhibits, lists, schedules, or other matters at any time affixed thereto. If a document responsive to any Request cannot be produced in full, you shall produce it to the extent possible with an explanation stating why production of the remainder is not possible. If any document has been lost or destroyed, state when it was lost or destroyed, identify the person who lost or destroyed the document, and state in as much detail as possible the contents of the document. In the case of destroyed documents, identify the person or entity that directed that it be destroyed and the reasons for its destruction.

11. A request for any document shall be deemed to include a request for any and all drafts thereof, and all revisions thereto, in addition to the document itself.

12. If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of any notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such non-identical copy is a separate document and must be produced. Identical copies of produced documents from the files of the same person need not be produced, but identical copies of documents from the files of different persons must be produced.

13. Electronic documents and data that are electronically searchable shall be produced in a form that does not remove or degrade this feature.

14. All documents shall be produced with corresponding Bates numbers.

15. If you withhold any document, or any portion of any document, pursuant to a claim of privilege, you shall provide a written privilege log that sets forth the information required by Rule 26 of the Federal Rules of Civil Procedure and Rule 26.2 of the Local Civil Rules.

16. Where a requested document contains allegedly privileged information that is responsive to a Request, you shall produce those portions of the document for which no privilege is claimed and specifically identify on each such document where material has been redacted. If information is redacted from a document produced in response to a Request, you shall identify the redaction by stamping the word "Redacted" on the document at each place where information has been redacted and separately log each redaction on the privilege log.

17. Documents in electronic form, including but not limited to e-mail, shall be produced in single-page tagged image file format ("TIFF"). Each image shall have a unique production number. Metadata associated with electronically stored information shall be produced in delimited text format. Full text files, if any, shall be delivered as document level text files named for the first Bates number. Copies of native e-mails, attachments, and other electronic documents must be included, with a link to the accompanying TIFF images. Spreadsheets and database files shall be provided in native format only, with an accompanying placeholder Bates-numbered TIFF file. Each responsive spreadsheet shall be clearly labeled to indicate the placeholder Bates number that corresponds to each spreadsheet. An OPT file shall be produced to include the link to the TIFF files and a DAT file shall be produced with the metadata

relevant to each file.

18.     These Requests are continuing in nature. If, after producing any documents in response to these Requests, you obtain or become aware of additional responsive information or documents, you are required to provide such information or documents by way of a supplemental production.

19.     These Requests shall not be construed as a waiver or abridgment of, and are not intended to waive, any argument or defense, or any objection to your discovery requests, nor shall they be construed as any admission of fact.

## **DOCUMENTS REQUESTED**

1.     All documents and communications concerning the Counterclaims.

2.     All documents and communications concerning any transfers of funds from Farleigh to Ohr Somayach, however denominated.

3.     All documents and communications concerning any agreements (written or oral) between Farleigh and Ohr Somayach.

4.     All documents and communications regarding Beit Shvidler.

5.     All documents and communications regarding Farleigh.

6.     All documents and communications concerning any use of Beit Shvidler, including but not limited to schedules of activities or events held at Beit Shvidler and promotional materials concerning Beit Shvidler.

7.     All financial records for Beit Shvidler for the period 2014 to the present, including but not limited to financial statements, bank statements, accounting records, and documents evidencing any debts.

8.     All financial records for Ohr Somayach for the period 2014 to the present,

including but not limited to financial statements, bank statements, accounting records, and documents evidencing any debts.

9. All documents and communications concerning any mortgages, liens, debts, or other encumbrances on Ohr Somayach, including any mortgages, liens, debts, or other encumbrances that affect, directly or indirectly, Beit Shvidler.

10. All minutes of meetings of the Board of Trustees (or other comparable governing body) of Ohr Somayach, including but not limited to meetings that reference, directly or indirectly, Beit Shvidler, Eugene Shvidler, and/or Farleigh; and any mortgages, liens, debts, or other encumbrances on Ohr Somayach, including any mortgages, liens, debts, or other encumbrances that affect, directly or indirectly, Beit Shvidler.

11. Any filings and/or reports with third parties (including but not limited to any regulators or oversight bodies) concerning or referencing Beit Shvidler.

12. All documents concerning the past and present ownership, management, or control of Ohr Somayach, including but not limited to documents sufficient to identify the trustees, officers, management, and members of Ohr Somayach.

Dated: May 15, 2020
New York, NY

                MORVILLO ABRAMOWITZ GRAND
                IASON & ANELLO, P.C.

                By:   /s/ Benjamin S. Fischer
                      Benjamin S. Fischer
                      Devin M. Cain
                      Kevin Grossinger

                *Attorneys for Farleigh International Limited*