UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OHR SOMAYACH/JOSEPH TANENBAUM
EDUCATIONAL CENTER,

    Plaintiff-Counterclaim Defendant,

    v.

FARLEIGH INTERNATIONAL LIMITED,

    Defendant-Counterclaim Plaintiff.

No. 19-cv-11730 (PMH) (LMS)

---

## DECLARATION OF MICHAEL MATLIN

I, Michael Matlin, pursuant to 28 U.S.C. § 1746, declare:

1. I submit this Declaration in support of the assertion by Farleigh International Limited ("Farleigh") of attorney-client and attorney work product privilege in respect of the communications contained on a privilege log dated August 11, 2020 (the "Privilege Log").

2. Nothing in this Declaration is intended to, or should be construed to, waive any privilege in any matter whatsoever.

3. My name is Michael Matlin, although I am also known as Menachem Mendel Matlin, which is my Hebrew name.

4. I live in Monsey, New York, where the Ohr Somayach/Joseph Tanenbaum Educational Center ("Ohr Somayach") is located. I have known Eugene Shvidler for over thirty-five years. Mr. Shvidler and I were both previously students at Ohr Somayach.

5. In or about 2005, Mr. Shvidler requested that I provide assistance in connection with Farleigh's agreement with Ohr Somayach to provide Ohr Somayach with funds to construct

a facility on the Ohr Somayach campus to be used for the specific purpose of hosting programming focused on kiruv (the "Restricted Gift"). I agreed to do so.

6. Since then, I have functioned as an agent of Farleigh in connection with the Restricted Gift by serving as Farleigh's representative in the ways described below (among others).

7. Prior to completion of construction of the Beit Shvidler Conference Center (the "Beit Shvidler Center") in 2009, I communicated with representatives of Ohr Somayach about the Restricted Gift. (*See* Exhibit A, at 1–16, 20–25; Exhibit B, at 1–8.)[1] For example, I communicated with representatives of Ohr Somayach about the status of the construction of the Beit Shvidler Center. (*See id.*) More specifically, I was the point-person for Farleigh for requesting and receiving updates from Ohr Somayach about the status of the construction of the Beit Shvidler Center, including but not limited to (1) issues relating to the construction budget for the Beit Shvidler Center, and (2) issues relating to the construction plans for the Beit Shvidler Center. (*See id.*) I also received and evaluated requests from Ohr Somayach that Farleigh contribute additional funds in connection with the construction of the Beit Shvidler Center when the proposed costs exceeded the budget. (*See* Exhibit A, at 8–9, 13–14.) Based on my interactions with Ohr Somayach personnel, I understood that they expected me to help with obtaining approval for these additional expenditures from Farleigh, and I indeed did so.

8. Construction of the Beit Shvidler Center was completed in 2009, and it opened that year. Thereafter, I continued to interact with Ohr Somayach on behalf of Farleigh. More specifically, Mr. Shvidler, on behalf of Farleigh, asked me to help obtain information on (1) how

---

[1] Exhibit A comprises documents produced by Ohr Somayach, and is identical to the exhibit filed at Dkt. 49-5. Exhibit B comprises documents produced by Farleigh, and is identical to the exhibit filed at Dkt. 49-6.

the Beit Shvidler Center was being utilized, and (2) the financial performance of the Beit Shvidler Center. I did so. In order to do so, I requested and received from Ohr Somayach information concerning the above issues, among others. (*See* Exhibit A, at 17–19, 26–40; Exhibit B, at 9–36.)

9. In October 2019, Percy Hayball, Farleigh's attorney, requested that I provide him, in my capacity as an agent of Farleigh, with factual information outlining the potential dispute in this action and Farleigh's specific concerns. In these discussions, I understood that Mr. Hayball was acting in his capacity as legal counsel to Farleigh. I understood that Mr. Hayball was providing legal advice to Farleigh, and that the purpose of our conversations was to facilitate his providing legal advice to Farleigh in connection with a potential dispute regarding the Restricted Gift. I further understood that Mr. Hayball needed to communicate with me to obtain relevant factual information concerning the Beit Shvidler Center in order to provide legal advice to Farleigh in connection with this matter, and potentially to communicate with Ohr Somayach about the potential dispute.

10. The specific communications in which I participated with Mr. Hayball involved (1) at Mr. Hayball's request, me providing Mr. Hayball with factual information outlining the potential dispute in this action and Farleigh's specific concerns, to enable him to provide legal advice to Farleigh and potentially to communicate with Plaintiff about the dispute (Privilege Log Entry 1); (2) emails involving Mr. Hayball and several U.S. counsel regarding how to potentially proceed in connection with the dispute underlying this case (Privilege Log Entries 2–8, 30–38, 40–44); (3) Mr. Hayball subsequently sending me drafts of a legal demand letter he proposed to send to Plaintiff on behalf of Farleigh for my input (Privilege Log Entries 45–50, 52–53); and (4) related communications with Mr. Hayball and Mr. Shvidler about the foregoing demand

letter, Plaintiff's response to it, and subsequent correspondence to Plaintiff's counsel (Privilege Log Entries 51, 54–76).

11. Prior to litigation, on behalf of Farleigh, I reached out to representatives of Plaintiff to discuss concerns regarding the Beit Shvidler Center. Subsequent to the filing of this lawsuit, representatives of Plaintiff contacted me to discuss the parties' dispute.

12. I participated in all communications for which Farleigh invokes privilege in my capacity as an agent of Farleigh for the purpose of providing factual information and input to Farleigh's counsel (regarding the subject matter of this litigation), to enable Farleigh's counsel to provide legal advice to Farleigh and take appropriate action on behalf of Farleigh. Such communications were intended to be kept confidential and, to my knowledge, have been kept confidential since.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the foregoing is true and correct:

Dated: September 1, 2020
Monsey, NY

By: _____
Michael Matlin