UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OHR SOMAYACH/JOSEPH TANENBAUM EDUCATIONAL CENTER, | |
| Plaintiff-Counterclaim Defendant, | |
| v. | No. 19-cv-11730 (PMH) (LMS) |
| FARLEIGH INTERNATIONAL LIMITED, | |
| Defendant-Counterclaim Plaintiff. | |

## DECLARATION OF EUGENE SHVIDLER

I, Eugene Shvidler, pursuant to 28 U.S.C. § 1746, declare:

1. I submit this Declaration in support of the assertion by Farleigh International Limited ("Farleigh") of attorney-client and attorney work product privilege in respect of the communications contained on a privilege log dated August 11, 2020 (the "Privilege Log").

2. Nothing in this Declaration is intended to, or should be construed to, waive any privilege in any matter whatsoever.

3. In or about 2005, Thackeray Investments Limited ("Thackeray"), Farleigh's sole director, authorized me to act as an agent of Farleigh with respect to an opportunity for Farleigh to make a gift to Plaintiff Ohr Somayach/Joseph Tanenbaum Educational Center ("Plaintiff") (the "Restricted Gift").

4. At all times since then, pursuant to the authorization granted to me by Farleigh, I have had, and continue to have, authority to do anything on behalf of Farleigh that I deem necessary or desirable with respect to the Restricted Gift, including but not limited to electing to

pursue the opportunity on behalf of Farleigh and negotiating and agreeing to the terms of the Restricted Gift on behalf of Farleigh.

5. In or about 2005, acting as an agent of Farleigh, I negotiated and agreed to the terms of the Restricted Gift on behalf of Farleigh.

6. At or around that time, I proposed that Farleigh authorize Michael Matlin to act as an agent of Farleigh to assist with respect to the Restricted Gift. In response, Thackeray, on behalf of Farleigh, authorized Mr. Matlin to act as an agent of Farleigh with respect to the Restricted Gift. I informed Mr. Matlin of that authorization. Thereafter, Mr. Matlin acted as an agent of Farleigh, and continues to do so.

7. Among other things, during construction of the resulting facility—later named the Beit Shvidler Conference Center (the "Center"), in honor of my family—Mr. Matlin, acting as an agent of Farleigh, communicated with representatives of Plaintiff about the Restricted Gift, including about issues related to the construction of and budget for the Center. Mr. Matlin brought to my attention, among other things, requests from Plaintiff that Farleigh contribute additional funds in connection with the construction of the Center when the proposed costs exceeded the budget. I discussed such requests with Mr. Matlin and made decisions with respect to them in my capacity as an agent of Farleigh.

8. Upon completion of the Center in 2009, Mr. Matlin continued to act as an agent of Farleigh with respect to the Restricted Gift, including by obtaining information on (1) how the Center was being utilized and (2) the financial performance of the Center. Between 2009 and about 2019, Mr. Matlin, on behalf of Farleigh, brought such information to my attention.

9. In November 2019, I communicated, as an agent of Farleigh, with Percy Hayball, Farleigh's attorney, regarding the potential dispute in this action and Farleigh's specific

concerns. In these communications, I understood that Mr. Hayball was acting in his capacity as legal counsel to Farleigh and that the purpose of our communications was to facilitate his providing legal advice to Farleigh in connection with a potential dispute regarding the Restricted Gift. I further understood that Mr. Hayball needed to communicate with me to obtain relevant factual information concerning the Restricted Gift and the Center, as well as to obtain authorization to take action on behalf of Farleigh, including to communicate with Plaintiff about the potential dispute.

10. The specific communications in which I participated with Mr. Hayball involved (1) Mr. Hayball sending me and Mr. Matlin a draft of a legal demand letter he proposed to send to Plaintiff on behalf of Farleigh for my review, comment, and approval (Privilege Log Entry 54), and (2) related communications with Mr. Hayball and Mr. Matlin regarding the foregoing legal demand letter, Plaintiff's response to it, and subsequent correspondence to Plaintiff's counsel (Privilege Log Entries 55, 59, 66–71, 73–75).

11. I participated in all communications for which Farleigh invokes privilege in my capacity as an agent of Farleigh for the purposes of (1) providing input to Mr. Hayball (regarding the subject matter of this litigation), to enable Mr. Hayball to provide legal advice to Farleigh and take appropriate action on behalf of Farleigh, and/or (2) approving, on behalf of Farleigh, the actions Mr. Hayball proposed to take on behalf of Farleigh. Such communications were intended to be kept confidential and, to my knowledge, have been kept confidential since.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

Dated: September 8, 2020
London, UK

By: _____
Eugene Shvidler