UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

OHR SOMAYACH / JOSEPH TANENBAUM
EDUCATIONAL CENTER,

                        Plaintiff,                        19-cv-11730 (PMH) (AEK)

        -against-                                **ORDER**

FARLEIGH INTERNATIONAL LIMITED,

                        Defendant.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

       The Court held a status conference and oral argument on July 1, 2021 to address Defendant's letter motion to compel the removal of certain redactions in Plaintiff's document productions that were made in reliance on prior court orders limiting the scope of discovery in this matter.[1]  At the conference, Plaintiff's counsel requested time to further consider Plaintiff's position with respect to the redactions and to explore potential resolution of the dispute.  On July 9, 2021, Plaintiff's counsel notified the Court that Defendant's challenges involved a total of eight documents, and that Plaintiff had elected to remove all redactions from six of those documents, including the two that had been filed as part of the original dispute and specifically addressed by the Court at the July 1, 2021 proceeding.  Plaintiff continues to seek to redact

---

[1] This issue was originally raised by letter dated November 23, 2020, *see* ECF No. 94, and Plaintiff responded via letter dated November 27, 2020, *see* ECF No. 95.  Shortly after those letters were filed, the parties requested the first of several stays of discovery to pursue settlement negotiations.  On June 4, 2021, the parties informed the Court that the settlement negotiations had reached an impasse, *see* ECF No. 116, and a revised discovery schedule was put in place last month, *see* ECF No. 119.  The parties notified the court at the June 14, 2021 status conference that the redaction issue had not been resolved.

information from the remaining two documents, which were provided to the Court for *in camera* review on July 9, 2021.

1. **Legal Framework**

There is no dispute that the documents before the Court are responsive to valid document requests from Defendant—indeed, Plaintiff identified these documents as responsive and produced portions of the disputed records. Plaintiff objects to producing certain information in these documents on the ground that prior orders in this case have limited the scope of permissible discovery. *See* Minute Entries dated May 7, 2020 and June 18, 2020. There is no argument that the information that has been withheld from these documents is subject to a legal privilege.

While the Court well understands Plaintiff's interest in attempting to ensure that discovery hews as closely as possible to the limitations imposed in prior court orders, the weight of authority in the Second Circuit is clear that "redactions on grounds of non-responsiveness or irrelevance are generally impermissible." *Durling v. Papa John's Int'l, Inc.*, No. 16-cv-3592 (CS) (JCM), 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018); *John Wiley & Sons. Inc. v. Book Dog Books, LLC,* 298 F.R.D. 184, 186 (S.D.N.Y. 2014) ("[R]edactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege."); *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, No. 08-cv-0333 (RJH) (DFE), 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) (directing parties not to "redact any portion of a document on the ground that the portion is non-responsive and irrelevant" because such redactions "breed suspicions" and "may deprive the reader of context"). Nothing in the prior orders limiting the scope of discovery suggested that it would be permissible for Plaintiff to withhold non-responsive portions of otherwise responsive documents.

2.	**Application to Specific Documents**

a.	**OS 0248 - 0249**

These two pages are part of a six-page document regarding events at the Beit Shvidler Conference Center between August 2018 and January 2019.  Plaintiff previously produced the cover page of this set of materials, as well as a three-page listing of various events that were held at the center during that period.  The redacted pages contain a report of income and expenses for this same timeframe, a report that presumably corresponds to the events listed on the later pages of the document.  The withheld pages likely will provide context regarding the events listed on the pages previously produced, and there does not appear to be the type of sensitive information in these pages that might warrant a departure from the aforementioned rule that redactions on the grounds of non-responsiveness or irrelevance are generally impermissible.  Plaintiff is hereby ordered to produce unredacted versions of these two pages no later than July 23, 2021.

b.	**OS 0469 - 0487**

The second "document" submitted for review is an e-mail with three attachments—a cover letter; a document that is labeled as a "mortgage application" (but which also reads like a letter); and a document labeled as a "budget spreadsheet."  Within the materials, the "budget spreadsheet" document is referred to as an "attachment" to the "mortgage application" document.

Plaintiff's redactions of the recipient of the e-mail and of the file names of the three attachments are precisely the type of redactions that "breed suspicions" and "deprive the reader of context."  Even when identifying privileged materials on a privilege log, the party withholding a privileged communication is typically required to disclose the identities of the sender and recipient of the privileged message.  Similarly, the "cover letter" document provides context for

3

the more substantive "mortgage application" document, various snippets of which had already been produced by Plaintiff. And only by having access to the complete "mortgage application" document can the reader understand the significance of the limited sections that Plaintiff had specifically identified as responsive. Accordingly, Plaintiff must produce the e-mail, the "cover letter," and the "mortgage application" in their entirety no later than July 23, 2021.

The "budget spreadsheet" (OS 0479 – OS 0487), however, presents a different issue. The spreadsheet contains a detailed list of stipend payments made between September 2007 and August 2008, but the nature of the stipend payments and the total amount of stipend payments for this period are both described in the text of the "mortgage application" document that is now subject to production. It appears that the only additional information to be gleaned from the spreadsheet is the names of the individuals who participated in the fellowship program in 2007-2008 and how much each of those individuals was paid via the stipend program. There is no reason to believe that the identities of these individuals or their particular fellowship income is in any way relevant to any of the claims or counterclaims in this matter, and tellingly, no portion of this spreadsheet was determined to be responsive in Plaintiff's initial review and production of these materials. While the spreadsheet may technically be responsive to Defendant's document requests by virtue of the fact that it is a member of this so-called document "family," the spreadsheet is itself a separate file, the substantive contents of the file are adequately described in the documents that will be produced, and the production of this otherwise irrelevant and non-responsive list of individuals and their stipend payments creates a risk of unnecessarily entangling unrelated individuals in tangential discovery pursuits. For these reasons, and in light of the limitations that have been placed on the scope of discovery in this matter, Plaintiff will be

allowed to maintain its redactions in the segregable and distinct "budget spreadsheet" within this document family.

### 3. Request to Re-Open Depositions and Schedule an Additional Conference

After having reviewed the previously withheld information in the six documents voluntarily produced by Plaintiff following the July 1, 2021 conference, Defendant submitted a letter to the Court requesting that a conference be scheduled "to address the extent to which [Defendant] has been prejudiced by these redactions," and suggesting that the depositions of certain witnesses "be re-opened at [Plaintiff's] expense" to allow for questioning about the previously redacted records. ECF No. 122. Plaintiff opposes this request. ECF No. 123.

Defendant's request for a conference on this issue and the request to re-open prior depositions are DENIED WITHOUT PREJUDICE. At the July 1 conference, the Court rejected Plaintiff's argument that Defendant had waived the redaction issue entirely because it had failed to raise the dispute in a timely fashion. As discussed, the discovery protocol order issued by the undersigned is less absolute regarding waiver than the analogous order issued in this case by Magistrate Judge Smith. *Compare* ECF No. 83 *with* ECF No. 25. But as to the question of potentially re-opening depositions, Defendant's failure to identify the redaction issue and raise it with the Court prior to taking the depositions is a far bigger obstacle to the relief Defendant seeks. One need only look at the docket in this matter to understand that the parties have not been reluctant to raise discovery disputes before both Magistrate Judge Smith and the undersigned, yet there is no explanation in the parties' current submissions as to why the redaction issue was not addressed before the depositions if Defendant thought there was a possibility that those documents could be important for those depositions. Of course, Defendant now has these documents, discovery is ongoing, and numerous depositions remain to be taken.

There is every chance that Defendant will be able to sufficiently explore the newly released information in the upcoming depositions, which would obviate the need to consider the significant step of re-opening the prior depositions.  That said, if necessary, the Court will consider this question further at the next scheduled conference on September 15, 2021.  But if Defendant wishes to press the point, it will need to provide a compelling explanation for why the redaction dispute was not raised prior to the 2020 depositions and make a showing as to why the previously deposed witnesses are uniquely situated to provide testimony about the newly released information.

Dated: July 19, 2021
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge